UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Crim. No. 15-10043-WGY |
| | ) | |
| MERHAWI BERHE | ) | |

**Defendant Merhawi Berhe's Sentencing Memorandum**

Now comes the Defendant, Merhawi Berhe, by and through undersigned

counsel, pursuant to 18 U.S.C. §3553(a) and the U.S. Sentencing Guidelines, and

hereby moves the Court to depart and/or deviate from the applicable Guideline

Sentencing Range of 6-12 months, as calculated by Probation, and impose a

sentence of seven days' imprisonment (deemed served) with a three-year period of

supervise release in this matter (hereinafter referred to as a probationary sentence,

though technically not a sentence of probation).  This recommended sentence

represents only a small deviation from the GSR, accords with the sentencing options

set forth at U.S.S.G. §5C1.1, and achieves the purposes of 18 U.S.C. §3553.  Moreover,

the recommend sentence is just and fair under the circumstances of this case.

1.      Merhawi Berhe

Though the Court is familiar with the personal history of Merhawi Berhe

through the PSR and letters of support submitted by Merhawi's family, friends, and

church, it bears repeating several significant facts about Merhawi.  First and

foremost, Merhawi comes from a loving and supportive family.  His parents,

Tesfamariam Berhe and Ghennet Okubaghbriel, are hard-working, well-respected

members of their Eritrean community and church.  Merhawi has lived with his

parents during the course of his pretrial supervision and he will continue to live with his parents until his federal supervision is terminated.  Second, Merhawi has an extended network of family, friends, and church leaders, all of whom hold Merhawi in high regard and will continue to provide support to Merhawi in his rehabilitation. Third, over the course of his fifteen-month supervision in this case, Merhawi has demonstrated that he is capable of living a productive and law-abiding life.  Fourth, as set forth in the letters of support, Merhawi is a humble and respectful young man. Finally, many of the destructive behaviors that ultimately led to his commission of the instant offense can be traced to his ADHD and impairments in several areas necessary for academic and social success.  PSR ¶55.  Due to his diagnosed impairments, Merhawi in the past has struggled emotionally and socially and was unable to achieve any level of success in a traditional school.  These psychological impairments and accompanying academic and social difficulties resulted in terribly low self esteem, causing Merhawi to drop out of school, and ultimately leading Merhawi to make destructive choices in his life.

2.      Merhawi's Rehabilitation

        Merhawi was arrested for the instant offense on March 11, 2015.  On March 17, 2015, Merhawi was released on strict conditions.  Merhawi's indictment, arrest, and plea in this case have generated media coverage due to the connection to the Marathon Bombing case.  Merhawi's family, friends, church, and community are well aware of the charges against him and have supported Merhawi throughout his case. Over the course of the last fifteen and a half months, Merhawi has worked hard to reverse the direction of his life by enrolling in a GED program, obtaining his first

paying job, and abiding by all of the terms of his release.  Merhawi has not missed a

single visit with probation, has not once violated his curfew, and has treated his

probation officer and the entire criminal process with respect.  He is indeed a young

man capable of full rehabilitation.

3.      The Sentence

Neither the Sentencing Guidelines nor the sentencing factors of §3553

command a jail sentence in this case, and indeed the goal of achieving a sentence

that is fair and necessary under the circumstances of this case is satisfied by a

probationary sentence.  A probationary sentence will serve as both a severe

continuing sanction against Merhawi for his criminal conduct and at the same time

will enable Merhawi to continue his successful rehabilitation that began shortly

after his arrest in this matter.  All told, with the recommended sentence, Merhawi

will have spent four years and three month sunder the supervision of this Court.

It is important to note that in seeking a probationary sentence, Merhawi

Berhe is not attempting to minimize the seriousness of his criminal offense.  While

Merhawi had no reason to believe the firearm he passed to another individual

would be used in connection with another violent criminal offense, Merhawi Berhe

recognizes the seriousness of his conduct in placing a firearm on the streets of

Cambridge.  Notwithstanding the seriousness of the offense, the defendant asserts

that sending him to jail would unravel all the work he has done over the past fifteen

months to begin slowly building a resume that will enable him to become a

productive member of his community.  Incarceration would disrupt Merhawi's

schooling, terminate his current employment, and reunite him with the types of individuals who negatively influenced Merhawi as a young teenager.

Merhawi has demonstrated over the past fifteen months that he is serious about leading a productive and law-abiding life. A term of imprisonment is simply not necessary to promote respect for the law and deter any future criminal conduct by Merhawi or others. The federal prosecution, accompanying publicity, guilty plea, and continued supervision of the Court in this matter are more than adequate to achieve the goals of sentencing, and therefore the interests of society are best served by imposing a substantial period of probation to ensure Merhawi's continued rehabilitation and positive contributions to society.

Given all of the foregoing, Merhawi Berhe respectfully submits that a sentence of probation, with appropriate conditions, is a fair and just sentence, and certainly "sufficient but not more than necessary" to meet the goals of §3553(a).

## Conclusion

For all of the foregoing reasons, as well as additional grounds and reasons to be articulated to the Court at sentencing, the defendant respectfully requests a sentence of seven-days' imprisonment, followed by three years' supervised release, and whatever conditions the Court believes necessary.

Respectfully Submitted,

Merhawi Berhe,
By His Attorney

/s/ William H. Connolly
William H. Connolly
BBO # 634501
20 Park Plaza, Suite 1000
Boston, MA 02116
617-542-0200

## Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants on July 22, 2016.

/s/ William H. Connolly